1 551

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 6 2003

FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1551**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE RECIPROCAL OF AMERICA (ROA) SALES PRACTICES LITIGATION*

*David Herrick v. General Reinsurance Corp., et al.*, M.D. Alabama, C.A. No. 2:03-329
*Crenshaw Community Hospital, et al. v. General Reinsurance Corp., et al.*, M.D. Alabama, C.A. No. 2:03-338
*Tommy L. Fullen v. General Reinsurance Corp., et al.*, W.D. Tennessee, C.A. No. 2:03-2195

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of two actions in the Middle District of Alabama and one action in the Western District of Tennessee.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by defendants General Reinsurance Corporation; GeneralCologne Reinsurance, P.L.C.; and Berkshire Hathaway for coordinated or consolidated pretrial proceedings of these actions in the Western District of Tennessee. All responding defendants agree that centralization is appropriate; however, certain defendants support, either primarily or alternatively, the Eastern District of Virginia as transferee district. The Commissioner of Commerce and Insurance for the State of Tennessee, as Receiver and Rehabilitator of defendant Doctors Insurance Reciprocal, and the Special Deputy Receiver support the motion for transfer. Plaintiffs in all three actions and the potential tag-along action oppose the motion; if the Panel does determine to order transfer, plaintiffs in the actions before the Panel would support the Middle District of Alabama as transferee district, and plaintiff in the potential tag-along action would support the Central District of Illinois as transferee district.

---

[1] In addition to the actions presently before the Panel, the parties have identified one related action pending in the Central District of Illinois. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

OFFICIAL FILE COPY

IMAGED AUG 26 '03

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Tennessee will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve allegations that various combinations of overlapping defendants conspired to mislead plaintiffs and putative class members with respect to the financial stability of certain insurance companies that provided professional malpractice coverage to the plaintiffs and members of the putative classes. All actions share factual questions arising from substantially similar relationships and transactions, despite differences in the putative classes among the actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Western District of Tennessee is an appropriate transferee forum for this litigation. We note that this is the suggested transferee district which has the strongest nexus to this litigation among the districts with actions pending. We also observe that two insurance defendants are in receivership in Tennessee, such that witnesses and documents will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Middle District of Alabama are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable J. Daniel Breen for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman